IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORDIS CORPORATION,<br><br>                Plaintiff,<br><br>       v.<br><br>BOSTON SCIENTIFIC CORPORATION<br>and SCIMED LIFE SYSTEMS, INC.,<br><br>                Defendants. | Civil Action No. 03-027-SLR |

**AMENDED JUDGMENT IN A CIVIL CASE**

For the reasons stated in the jury verdicts of June 21 and July 1, 2005, the trial record, and the Court's memorandum opinion and order of June 3, 2005, memorandum opinion and order of May 11, 2006, memorandum order of March 27, 2007, and memorandum order of September 24, 2007;

IT IS ORDERED AND ADJUDGED that:

1. Judgment be and hereby is entered in favor of Cordis Corporation ("Cordis") and against Boston Scientific Corporation and Scimed Life Systems, Inc. (collectively, "BSC") as follows:

    (a) BSC's Express, Taxus Express, and Express Biliary stents (collectively, the "Express stents"), as well as the Liberté stents, literally infringe claim 23 of U.S. Patent No. 4,739,762 ("the '762 patent");

    (b) BSC has induced literal infringement of claim 1 of the '762 patent with respect to those stents;

    (c) the Liberté stent literally infringes claim 2 of U.S. Patent No. 5,895,406 ("the '406 patent");

1759428v.1

      (d)    claim 2 of the '406 patent is not invalid;

      (e)    claims 1 and 23 of the '762 patent are not invalid;

      (f)    the '762 patent is not unenforceable; and

      (g)    Cordis' Cypher, BX Velocity, BX Sonic, and Genesis stents do not literally infringe claim 36 of U.S. Patent No. 5,922,021 ("the '021 patent").

    2.    Judgment be and hereby is entered in favor of Boston Scientific Corporation and Scimed Life Systems, Inc. and against Cordis Corporation as follows:

      (a)    Cordis' Cypher, BX Velocity, BX Sonic, and Genesis stents literally infringe every element of claim 36 of the '021 patent except the "corners" limitation, and infringe the "corners" limitation of claim 36 of the '021 patent under the doctrine of equivalents;

      (b)    claim 36 of the '021 patent is not invalid;

      (c)    the '021 patent is not unenforceable;

      (d)    Cordis' claims that the Taxus Liberte infringes the '762 and '406 patents are dismissed without prejudice; and

      (e)    Cordis' claims of infringement of U.S. Patent No. 6,162,243 ("the '243 patent") are dismissed with prejudice, and BSC's counterclaims regarding the '243 patent are dismissed without prejudice.

_____
Honorable Sue L. Robinson
United States District Judge

Dated: ___August 21___, 2008

_____
(By) Deputy Clerk

1759428v.1